CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
RANDOLPH J. ST. CLAIR
Assistant United States Attorney
400 South Virginia, Suite 900
Reno, Nevada 89501
775-784-5438
Randy.StClair@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>CARLOS VASQUEZ-ORTIZ,<br><br>             Defendant. | 3:21-cr-00023-MMD-WGC<br><br>**Government's Response in Opposition to Defendant's Motion to Dismiss [ECF No. 25]**[1] |

Defendant Carlos Vasquez-Ortiz moves to dismiss the indictment against him on the ground that Section 1326 violates the equal protection guarantee of the Fifth Amendment, relying on this Court's order in *United States v. Carrillo-Lopez*, Case No. 3:20-cr-00026-MMD-WGC, ECF No. 60. The government has filed a notice of appeal to the Ninth Circuit from that order. *See id.* at ECF No. 62. The government respectfully submits that the Court erred in dismissing the indictment in *Carrillo-Lopez*, and that it should therefore deny Vasquez-Ortiz's motion. In the alternative, the Court should stay

---

[1] Certification: This response is timely.

consideration of Vasquez-Ortiz's motion until the conclusion of the government's appeal in *Carrillo-Lopez*.

Vasquez-Ortiz's motion includes no points and authorities, and makes no legal argument to which the government can respond beyond "incorporat[ing] by reference" the "record" in *Carrillo-Lopez*. ECF No. 25; *but see* D. Nev. Local Rule LCR 47–3 ("The failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion."). To the extent the Court is nevertheless inclined to consider Vasquez-Ortiz's motion and permit the "incorporation by reference" of pleadings in a different criminal case, the government incorporates by reference its briefing and argument in opposition to the motion to dismiss in *Carrillo-Lopez*. As argued in those pleadings and arguments, and as supplemented below, the government respectfully submits that the Court erred in three respects.

First, the Court erred in applying the framework set forth in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977) to Carrillo-Lopez's claim. *United States v. Carrillo-Lopez*, 3:20-cr-00026-MMD-WGC, ECF No. 60 at 3-5. Section 1326 regulates the admission and exclusion of foreign nationals, the core power of Congress and the Executive that the Supreme Court has held largely immune from judicial review in *Trump v. Hawaii*, 138 S. Ct. 2392 (2019); *Fiallo v. Bell*, 430 U.S. 787, 792 (1977); and *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972). Section 1326 not only criminalizes reentry into the country but creates a continuing offense from the moment of entry until defendant is found within the United States. *See United States v. Rincon–Jimenez*, 595 F.2d 1192, 1194 (9th Cir. 1979). Given the national security interests in allowing the

government to enforce its power to exclude, the Court erred in applying *Arlington Heights* rather than the more deferential standard set forth in *Trump*, *Fiallo*, and *Kleindienst.*

Second, the Court erred in concluding that racial animus was a substantial or motivating factor in the enactment of Section 1326. In so finding, the Court gave significant weight to the legislative history of the Undesirable Aliens Act of 1929. However, the Congress that enacted the Immigration and Nationality Act of 1952, which enacted the original version of Section 1326, was entitled to a presumption of legislative good faith, as were the subsequent Congresses that enacted substantive revisions to Section 1326. *Abbott v. Perez*, 138 S. Ct. 2305, 2325 (2018). Moreover, Carrillo-Lopez's remaining evidence was not sufficient to conclude that Congress was motivated by racial animus against Latino persons in 1952 or afterwards. *See United States v. Machic-Xiap*, -- F. Supp. 3d. --, Case No. 3:19-cr-407-SI, 2021 WL 3362738, at *14-16 (D. Or. Aug. 3, 2021).

Finally, the Court erred in concluding that Section 1326 would not have passed absent racial animus. Even Carrillo-Lopez's experts conceded that considerations of economic protectionism, national security, and foreign relations motivated the passage of Section 1326. *United States v. Carrillo-Lopez*, 3:20-cr-00026-MMD-WGC, ECF No. 49 at 42:14-44:3; 44:13-47:23; 50:1-17; *see also United States v. Palacios Arias*, No. 3:20-cr-62-JAG (E.D.Va. Oct. 13, 2020) ECF No. 37 at 7-8 (denying identical motion in part on ground that defense experts conceded economic motivations for passage of Section 1326). Furthermore, Congresses subsequent to the Congress of 1952 substantively amended Section 1326 in the absence of any evidence of racial animus.

For these reasons, the Court should decline to extend its decision in *Carrillo-Lopez*, and should deny Vasquez-Ortiz's motion. The Court is free in this case to reconsider its

decision in *Carrillo-Lopez*. *United States v. Mendoza*, 464 U.S. 154, 162 (1984) (nonmutual offensive collateral estoppel does not apply against the government). The government respectfully requests that it do so.

In the alternative, this Court should stay consideration of Vasquez-Ortiz's motion until the government's appeal in *Carrillo-Lopez* is resolved. A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

Because Vasquez-Ortiz makes no legal argument of his own, and instead relies solely on the record in *Carrillo-Lopez*, resolution of the government's appeal in *Carrillo-Lopez* will necessarily resolve the claim in Vasquez-Ortiz's motion. Particularly in light of the fact that every other court to have considered the legal claim raised in *Carrillo-Lopez* has rejected it,[2] considerations of judicial economy and fairness weigh strongly in favor of staying these proceeding pending the outcome of the government's appeal in *Carrillo-Lopez*.

---

[2]   *See, e.g.*, *United States v. Novondo-Ceballos*, No. 21-CR-383-RB, 2021 WL 3570229 (D.N.M. Aug. 12, 2021); *United States v. Machic-Xiap*, 3:19-cr-407-SI, 2021 WL 3362738 (D. Or. Aug. 3, 2021); *United States v. Wence*, 3:20-cr-0027, 2021 WL 2463567 (D.V.I. Jun. 16, 2021); *United States v. Gutierrez-Barba*, 2:19-cr-1224-DJH, 2021 WL 2138801 (D. Ariz. May 25, 2021); *United States v. Medina Zepeda*, 2:20-CR-57-FMO, ECF No. 33 (C.D. Ca. Jan. 5, 2021); *United States v. Gallegos-Aparicio*, 3:19-CR-2637-GPC, 2020 WL 7318124 (S.D. Ca. Dec. 11, 2020); *United States v. Rios-Montano*, 3:19-cr-2123-GPC, 2020 WL

**Conclusion**

For the foregoing reasons, the Court should deny Vasquez-Ortiz's Motion to Dismiss or, in the alternative, stay consideration of the motion pending resolution of the government's appeal in *United States v. Carrillo-Lopez*, Ninth Circuit No. 21-10233.

Respectfully submitted this 2nd day of September, 2021.

        CHRISTOPHER CHIOU
        Acting United States Attorney

        *s/ Randolph J. St. Clair*
        RANDOLPH J. ST. CLAIR
        Assistant United States Attorney

---

7226441 (S.D. Ca. Dec. 8, 2020); *United States v. Navarrete-Castro*, 3:19-cr-2717-CAB, ECF No. 70 (S.D. Ca. Nov. 19, 2020); *United States v. Cac-Chon*, 3:20-cr-61, ECF No. 27 (E.D. Va. Nov. 10, 2020); *United States v. Palacios Arias*, 3:20-cr-62-JAG, ECF No. 37 (E.D. Va. Oct. 13, 2020); *United States v. Morales-Roblero*, 3:19-mj-24442-AHG, ECF No. 45 (S.D. Ca. Sept. 14, 2020); *United States v. Bernal-Sanchez*, 3:20-mj-20169-JLB, ECF No. 58 (S.D. Ca. Aug. 11, 2020).