RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
CHRISTOPHER FREY
Assistant Federal Public Defender
Nevada State Bar No. 10589
201 W. Liberty Street, Ste. 102
Reno, Nevada 89501
(775) 321-8451/Phone
(702) 388-6261/Fax
Chris_Frey@fd.org

Attorney for CARLOS VASQUEZ-ORTIZ

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS VASQUEZ-ORTIZ,<br><br>Defendant. | Case No. 3:21-cr-00023-MMD-WGC<br><br>**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Mr. Vasquez-Ortiz, through his counsel, Christopher FRey, Assistant Federal Public Defender, hereby replies to the Government's Response in Opposition to Defendant's Motion to Dismiss. This reply is based on the attached points and authorities and any evidence or argument presented at a hearing on this matter.[1]

The government opposes Mr. Vasquez-Ortiz's Motion to Dismiss on two grounds. First, it claims that the Court erred in dismissing the indictment in *United States v. Carrillo-Lopez*, Case No. 3:20-cr-00026-MMD-WGC, and thus dismissal is not warranted here. ECF No. 26. Second, the government contends that the Court should stay any decision on Mr. Vasquez-Ortiz's Motion to Dismiss pending resolution of the appeal of the Court's order in *Carillo-Lopez*. *Id*. Neither argument is persuasive in stalling relief for Mr. Vasquez-Ortiz.

Although the government asserts that the Court's reasoning was flawed in granting dismissal in *Carillo-Lopez*, the government supports its contention by merely reprising its arguments from the briefing in *Carillo-Lopez* (albeit in abbreviated form). The government

---

[1] This reply is timely filed.

offers nothing new in terms of legal reasoning. The Court fully heard and considered the government's arguments in *Carrillo-Lopez* and rejected them. Because the government fails to offer any new logical reason why the Court's decision in *Carrillo-Lopez* was wrong, there is no present basis to deny Mr. Vasquez-Ortiz the same relief it afforded in *Carrillo-Lopez*.

The government similarly fails to present any new factual information that would materially alter the record that was before the Court in *Carillo-Lopez*. The Court permitted the parties a more than full and fair opportunity in *Carrillo-Lopez* to develop a record that would support their respective positions. Because the government proffers nothing here that would supplement or change the record as it was developed in *Castillo-Lopez*, there is no present basis to deny Mr. Vasquez-Ortiz the same relief it afforded in *Carrillo-Lopez*.

In its Order in *Carillo-Lopez*, the Court noted that its determination that § 1326 was unconstitutional and its ultimate decision to grant relief resulted from a careful application of the standard of review, the operation of the parties' respective burdens, and the state of the record as the parties developed it in the briefing and during the evidentiary hearing. *See, e.g.*, ECF No. 60 at 2: 8-12 ("[T]he Court reviews whether the government has shown that Section 1326 would have been enacted absent discriminatory intent. Because the government fails to so demonstrate, the Court finds its burden has not been met and that, consequently, Section 1326 violates the Equal Protection Clause of the Fifth Amendment."); 27 n.30 ("When faced with the record before it and lacking clear guiding or distinguishing authority from federal appellate courts, this Court cannot ignore the extensive history—both from 1929 and contemporaneously in 1952—that suggests discrimination was in part motivating Congress' enactment of Section 1326."); 38: 14-19 ("It is therefore not possible for the Court to conclude based upon the record before it that the need to maintain a relationship with the government of Mexico is a factor extricable from the demonstrated discriminatory motives of the period. Without more, the government has failed to show that valid, nondiscriminatory objectives motivated the passage of 1326 and later amendments."); 42: 11-12 (The record before the Court reflects that at no point has Congress confronted the racist, nativist roots of Section 1326."). As the Court succinctly observed, its ruling in *Carrillo-Lopez* was the natural and direct product

of the arguments and evidence before it, together with the government's inability to carry its burden of persuasion and proof. *Id.* at 42: 22-23 ("In sum, on the record before the Court, the Court can only conclude that the government has not met its burden."). Accordingly, the government bears the burden of persuasion and proof here to show why the Court should (or even could) reach a different result than it reached in *Carrillo-Lopez*, either because of a new line of legal reasoning or newly discovered evidence, or both. But the government has raised neither new logic nor new facts in its Response. *See* ECF No. 26.

The government suggests that the Court is free to "reconsider" its decision in *Carrillo-Lopez*, but fails to satisfy the standard for reconsideration, which, in its most general formulation, requires a showing that a district court failed to consider controlling law or a material fact. *United States. v. Krug*, 2012 WL 12973474, at *2 (C.D. Cal. Oct. 24, 2012); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). In any event, reconsideration is a mechanism for a court to revisit a ruling in the same case; it has no bearing on whether a court's prior decision in one matter should command the same result in a factually and legally identical matter. That doctrine is called precedent, and to the extent the government wishes to urge the Court to "reconsider" its decision in *Castillo-Lopez*, it needs to couch its plea as an exception to principles of stare decisis. *In re Osborne*, 76 F.3d 306, 309 (9th Cir. 1996) ("Stare decisis is the policy of the court to stand by precedent."); Black's Law Dictionary (11th ed. 2019) (defining "stare decisis" as "[t]he doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again in litigation"). While the decisions of federal district courts may not necessarily bind other federal district courts, *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) ("A single district court decision . . . is not binding on . . . other district judges in the same district."), the principles of precedent and the "horizontal" and "personal" dimensions of stare decisis at the district court level would mean very little if the same district court was not bound by its own decisions, or at the very least heavily guided by them, in deciding factually identical cases. *See* Black's Law Dictionary (11th ed. 2019) (defining "horizontal stare decisis" as "[t]he doctrine that a court, esp. an appellate court, must adhere to its own prior decisions,

unless it finds compelling reasons to overrule itself"); *id*. (defining "personal stare decisis" as "[t]he adherence of a judge to his or her own previous exercises of judicial discretion, so as to lead to a consistency in judgments or voting patterns"). Mr. Vasquez-Ortiz is not seeking to collaterally estop the government. He is asking the Court to simply apply precedent.[2]

The government next contends that the Court should stay consideration of Mr. Vasquez-Ortiz's Motion to Dismiss pending resolution of the government's appeal in *Carrillo-Lopez*. ECF No. 26 at 4: 4-19. The granting of a stay is discretionary. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."). A stay is the exception not the rule, and should only be granted in "rare circumstances." *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.")

Mr. Vasquez-Ortiz is facing a low-level felony that carries a de minimis sentence. The government's appeal in *Carrillo-Lopez* is likely to take months if not years and promises to exceed any potential sentence that Mr. Vasquez-Ortiz could serve in this case.[3] Granting a stay and making Mr. Vasquez-Ortiz wait in custody for a period of time longer than he would serve if sentenced thus does not represent the "fairest course" or a "just determination" of this matter. *See Leyva*, 593 F.2d at 864. Moreover, it would likely force Mr. Vasquez-Ortiz into a choice between two evils: forfeit his Motion to Dismiss as a pragmatic matter or serve excessive time

---

[2] The government has proffered no new argument or evidence in its Response and so has failed to demonstrate the possible utility of going through the steps of holding oral argument in this case or conducting another evidentiary hearing. Because the government fails in both regards, there is nothing to forestall application of *Castillo-Lopez* to this case. As the Court determined in *Castillo-Lopez*, 8 U.S.C. § 1326 is unconstitutional. Mr. Vasquez-Ortiz is being prosecuted under an unconstitutional law. Accordingly, the indictment must be dismissed.

[3] According to the website for the Ninth Circuit Court of Appeals, resolution of a criminal appeal is projected to take "approximately 4-5 months after briefing is complete." *See* United States Court of Appels for the Ninth Circuit, Frequently Asked Questions (December 1, 2019) *available at* https://www.ca9.uscourts.gov/general/faq/. The briefing on appeal is expected to take an untold number of months. The Ninth's Circuit's 4-5 months average length of time to disposition does not take into consideration the processes of rehearing and rehearing en banc. Nor does it account for time it may take to conclude any potential litigation in the United States Supreme Court.

behind bars while he waits for someone else's appeal to be processed. Because staying consideration of Mr. Vasquez-Ortiz's Motion to Dismiss pending resolution of the *Carrillo-Lopez* appeal works a clear prejudice to Mr. Vasquez-Ortiz, the government's request should be denied. *See Landis*, 299 U.S. at 255 (holding that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else").

If the government chooses to appeal the Court's decision in this case, it has the option to move to consolidate its appeal with the *Carrillo-Lopez* appeal so that both matters may be resolved simultaneously through consolidated briefing. *See, e.g., Gregorio T. By & Through Jose T. v. Wilson*, 54 F.3d 599, 600 (9th Cir. 1995) (ordering appeals consolidated and the filing of one "consolidated opening brief"). In the government's appeals, the only parties who suffer prejudice by being made to wait while the appellate process unfolds are the defendants. Accordingly, consolidating appeals achieves the same judicial economy the government is seeking, but without any hardship on the respondent-defendants.

DATED this 9th day of September, 2021.

RENE L. VALLADARES
Federal Public Defender

By: */s/ Christopher Frey*
CHRISTOPHER FREY
Assistant Federal Public Defender

5

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on September 9, 2021, he served an electronic copy of the above and foregoing REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS by electronic service (ECF) to the person named below:

CHRISTOPHER CHIOU
Acting United States Attorney
RANDOLPH J. ST. CLAIR
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, NV 89501

/s/ Christopher Frey
Employee of the Federal Public Defender