UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>     v.<br>CARLOS VASQUEZ-ORTIZ,<br><br>                      Defendant. | Case No. 3:21-cr-00023-MMD-WGC<br><br>ORDER |

**I.  SUMMARY**

On July 15, 2021, Carlos Vasquez-Ortiz was indicted on one count of deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b) ("Section 1326"). (ECF No. 12.) Before the Court is Vasquez-Ortiz's motion to dismiss the indictment (the "Motion") on the grounds that Section 1326 violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), as this Court found in *United States v. Carrillo-Lopez*, Case No. 3:20-cr-00026-MMD-WGC.[1] (ECF No. 25.) Both parties incorporate the arguments in *Carrillo-Lopez* by reference. (ECF Nos. 25 at 1, 26 at 2.) The government submits that the Court erred in its reasoning in *Carrillo-Lopez*, and therefore that Vasquez-Ortiz's Motion should be denied. (ECF No. 26 at 2.) in the alternative, the government requests the Court stay consideration of Vasquez-Ortiz's Motion until the appeal in *Carrillo-Lopez* is resolved.

Because the government offers no additional argument or evidence as to why it believes the Court erred in *Carrillo-Lopez*, the Court will grant Vasquez-Ortiz's Motion. The government argues that the Court erred in three respects: (1) by applying *Arlington*

---

[1] The government responds (ECF No. 26) and Vasquez-Ortiz replies (ECF No. 28.)

*Heights* instead of a more deferential standard,[2] (2) by concluding racial animus was a substantial or motivating factor of Section 1326,[3] and (3) by concluding that Section 1326 would not have passed absent the demonstrated racial animus. The government does not explain why the Court should change its opinion on any of these decisions. Indeed, the government only cites to cases that the Court examined, at times extensively, in *Carrillo-Lopez*.[4] The Court therefore declines to reconsider its reasoning.

The government alternatively asks for a stay of Vasquez-Ortiz's case pending the appeal in *Carrillo-Lopez*. Vasquez-Ortiz argues that the government's appeal in *Carrillo-Lopez* will take months, if not years, to conclude—a period of time which exceeds any potential sentence *Vasquez-Ortiz* would serve. (ECF No. 28 at 4.) Requiring Vasquez-Ortiz to wait until the *Carrillo-Lopez* appeal is resolve would require him to either abandon his Motion and proceed with being prosecuted under a statute this Court previously found unconstitutional, or face a longer period of detention than he otherwise would be subjected to. The Court agrees, and therefore will grant the Motion rather than stay the case.

///

///

///

///

///

---

[2]The government suggests the standards set forth in *Trump v. Hawaii*, 138 S. Ct. 2392 (2019), *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), and *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972).

[3]The government cites to *Abbott v. Perez*, 138 S. Ct. 2305, 2325 (2018), and *United States v. Machic-Xiap*, --F. Supp. 3d --, Case No. 3:19-cr-407-SI, 2021 WL 3362738 (D. Or. Aug. 3, 2021).

[4]*See United States v. Carrillo-Lopez*, --F. Supp. 3d--, Case No. 3:20-cr-00026-MMD-WGC, 2021 WL 3667330, at *1-2 (D. Nev. Aug. 18, 2021) (explaining why *Trump*, *Fiallo*, and *Kleindienst* do not apply); *id.* at *16-18 (explaining why *Abbott* does not justify the government's inference that a later reenactment is necessarily cleansed of racial animus); *id.* at *19-20 (disagreeing with the ultimate conclusion of *Machic-Xiap*); *id.* at *20-24 (explaining that the evidence before the Court did not support the government's allegation that Section 1326 would have passed absent discriminatory intent).

1    It is therefore ordered that Vasquez-Ortiz's indictment (ECF No. 12) is dismissed.

2    The Clerk of Court is directed to enter judgment accordingly and close this case.

3    DATED THIS 23rd Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE